570 P.2d 808

**CAPITOL FOUNDRY, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Agustin Chavez, Respondent Employee.**

**No. 1 CA–IC 1631.**

Court of Appeals of Arizona,
Division 1,
Department C.

Oct. 13, 1977.

Twitty Sievwright & Mills, John F. Mills, Phoenix, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission, Phoenix, for respondent.

R. Y. Thrasher, Phoenix, for respondent Employee.

OPINION

OGG, Judge.

In this special action we must determine the legality of an order of the Industrial Commission which authorized chiropractic treatment to the respondent employee Agustin Chavez, which was in addition to the regular medical treatment furnished by the petitioner employer Capitol Foundry. It is the employer's position that the employee, who injured his back in an industrial

accident, was receiving competent and adequate medical care from Dr. Stanford Hartman, an orthopedic surgeon. The employer reasons that the employee had no right to supplemental chiropractic treatment when the self-insured employer was providing medical services in compliance with ARS § 23–1070(A), which provides:

An employer, other than the state or a political subdivision thereof, who secures compensation to his employees in the manner provided in either subsection A, paragraph 1, or subsection A, paragraph 2 of § 23–961, alone or jointly with other employers may, in lieu of making premium payments for medical, surgical and hospital benefits, provide such benefits to injured employees and may collect one-half of the cost thereof from his employees, not to exceed one dollar per month from any employee, which may deducted from the wages of the employee.

The employer contends that the employee can receive such chiropractic treatment only if it has been approved by the employer or there are special circumstances authorizing such supplemental care under the provisions of ARS § 23–1070(E). The pertinent portion of this statute provides:

If the medical, surgical or hospital aid or treatment being furnished by an employer is such that there is reasonable ground to believe that the health, life or recovery of any employee is endangered or impaired thereby, the commission may, upon application of the employee or upon its own motion, order a change of physicians or other conditions.

The employee maintains that the evidence presented to the hearing officer justifies the findings and award made in this case. The pertinent portion of the award provides:

   \*    \*    \*    \*    \*    \*

2. The circumstances justify the care rendered by Dr. Haggard, which is still being provided; circumstances also justify continuance of care being provided by Dr. Hartman. Applicant does not actually want to change physicians; he wants to remain under the care of both doctors;

permission to do so is hereby granted; the Commission's refusal of applicant's request was without adequate justification.

The employee sustained a back injury on August 13, 1973, for which he received treatment from numerous doctors provided by his employer. The last doctor furnished by his employer was Dr. Hartman, who continued medical care through the time of hearing. In June, 1975, the employee, of his own volition, sought additional treatment from Dr. Walter Haggard, a chiropractor, and requested approval from the Industrial Commission. The employer refused authorization for chiropractic treatments and the Commission denied the employee's request. The employee continued seeing both doctors and asked for a hearing to review the denial of chiropractic treatment. The first hearing was held in March, 1976; after the completion of all hearings the hearing officer entered the order authorizing the chiropractic treatments and this order is now before us for review.

The employee contends that this order is justified by the evidence and that ARS § 23–1071(B) explicitly authorizes the Commission to authorize a supplementation of medical care. This statute provides:

No employee may change doctors without the written authorization of the insurance carrier, the commission or the attending physician.

The employee reasons that pursuant to this statute the Commission may authorize a change of doctors and that this authority would imply the right of the Commission to supplement medical care. This contention appears to be reasonable when viewed with ARS §§ 23–1021(A) and 23–1070(E). Section 23–1021(A) is the general statute granting an employee the right to medical care when he has suffered an industrial injury, and provides:

A. Every employee coming within the provisions of this chapter who is injured, and the dependents of every such employee who is killed by accident arising out of and in the course of his employment,

wherever the injury occurred, unless the injury was purposely self-inflicted, shall be entitled to receive and shall be paid such compensation for loss sustained on account of the injury or death, such medical, nurse and hospital services and medicines, and such amount of funeral expenses in event of death, as are provided by this chapter.

ARS § 23–1070(E) gives the Commission authority to "order a change of physicians *or other conditions*" if it finds the "health, life or recovery is endangered or impaired" by the treatment being provided by a self-insurer. [Emphasis added]

Although it appears this statute is directed primarily to a situation involving a change of physicians, it appears that the Commission may also order a change *of other conditions* which could reasonably authorize the ordering of supplemental medical care.

The facts support a finding that the employer was not furnishing chiropractic care and that without this supplemental chiropractic care his recovery would be impaired. Although the employee was well satisfied with the care being rendered by Dr. Hartman, the evidence indicated that the supplemental chiropractic treatment was needed. The employee testified that because of back pain he was missing work prior to the chiropractic treatments and that after he went to Dr. Haggard he had not missed any work. Both Dr. Haggard and the employee testified that the chiropractic treatments were improving his condition and Dr. Hartman stated that he favored the chiropractic treatments if they helped the employee keep working.

■ Both parties agree that *Arizona Public Service Co. v. Industrial Commission,* 27 Ariz.App. 369, 555 P.2d 126 (1976), is the only Arizona case in point. The attorney for the employer candidly states that prior to this decision his major thrust in this case was to challenge the Commission's authority to approve chiropractic care. He now concedes that under the mandate of *Arizo-*

*na Public Service Co.* chiropractic services are included under the medical services provided in ARS § 23–1021(A) and ARS § 23–1062(A); therefore this contention is no longer an issue. The employer, however, is steadfast in maintaining the Commission exceeded its statutory authority when it ordered concurrent chiropractic treatment. The employer relies on *Arizona Public Service Co.* for the proposition that an injured employee does not have an unrestricted right to choose his own doctor and reject the medical services being furnished by the self-insured employer who is in compliance with the provisions of ARS § 23–1070.

We are in full accord with that principle of law; however, under the provisions of ARS §§ 23–1021(A), 23–1070(E) and 23–1071(B), it is our opinion that an employee, upon proper showing, may obtain permission from the Industrial Commission to change medical care or obtain supplemental medical care.

While *Arizona Public Service Co.* did decide the issue as to whether an award could be made for chiropractic treatments, the case did not specifically rule on the merits of the issue presented to us. That case held that an employee had no absolute right to a change of doctors under a fact situation similar to the one before us; however, the court was careful to note that it was expressing no opinion on whether "the circumstances shown would have supported a finding that respondent employee's physical condition was such that chiropractic treatment was reasonably required." 27 Ariz. App. at 378, 555 P.2d at 135.

■ It is our opinion that under the facts of this case chiropractic treatment was reasonably required and that the Commission did not exceed its authority in granting the employee's request for such supplemental chiropractic treatment.

Award affirmed.

DONOFRIO and JACOBSON, JJ., concur.